(134 So. 102)

KEMP v. WASHINGTON FIDELITY NAT. INS. CO.

No. 30907.

March 30, 1931.

Bryan E. Bush, of Shreveport, for appellant.

George T. McSween, of Shreveport, for appellee.

LAND, J.

On July 25, 1929, defendant company issued to plaintiff a policy providing, among other things, for loss of time by sickness that is not venereal in character, at the rate of $100 per month, and providing a double indemnity, not exceeding two months, if insured is confined by reason of sickness in a regularly incorporated and licensed hospital, the charges of which he personally is required to pay.

On March 28, 1930, plaintiff brought suit on this policy against defendant company to recover a sick indemnity of $100 per month from December 20, 1929, and monthly thereafter at the same rate, as long as plaintiff's sickness disables him, with the exception of the months of January and February, 1930, for which plaintiff claims a double sick indemnity of $200 per month, because of confinement with tuberculosis in licensed, incorporated, and pay hospitals.

In the lower court, plaintiff obtained judgment against defendant company at the rate of $100 per month from December 20, 1929, until May 21, 1930, reserving to plaintiff the right to claim further payment if warranted by his condition, except that double indemnity at the rate of $200 per month was awarded plaintiff from January 1, 1930, to February 13, 1930.

Judgment was also rendered in favor of plaintiff against defendant, under section J of the policy, for hospitalization fee in the sum of $143, and plaintiff's demand for $2,000, as a reasonable attorney's fee, was dismissed as of nonsuit.

From this judgment defendant company has taken a devolutive appeal, and plaintiff has answered the appeal and prays that the judgment be amended so as to conform to his original demands, and that he be granted a reasonable attorney's fee.

In the event this court should not amend the judgment, plaintiff prays that he be given damages for a frivolous appeal.

Defendant company denies liability under the policy, on the ground that plaintiff procured same by making false and fraudulent answers to the questions propounded to him by the agent, who obtained plaintiff's application for the policy. These questions and answers are as follows:

"12. Are your habits of life correct and temperate and are you in sound condition mentally and physically?

"Yes.

"Is your hearing or vision impaired and have you any infirmity, deformity or defect?

"No.

"Have you ever had fits of any kind, vertigo, hernia, paralysis, tuberculosis or any form of heart trouble or kidney disease?

"No."

"13. Have you been disabled by either accident or illness, or received medical or surgical attention during the last ten years?

"No."

The answers of plaintiff, which defendant company charges are false and fraudulent, were made on June 25, 1929, and the policy was issued on July 25, 1929, a month later.

At the former date, plaintiff was a clerk in a hotel at Haynesville, La., and his answers were given to the agent of defendant company at the hotel, and in the presence of M. R. Miller, an engineer residing in Haynesville.

On the trial, plaintiff testified that he told the agent that he had had an operation for abscess, and that he remained in bed for four or five days, but that his condition then was all right, and that the agent replied, "That don't make any difference."

Plaintiff denied that he had been treated by a physician for gonorrhea or arthritis, and stated that the stiffness in his knee had resulted from a lick received in the year 1914.

Plaintiff testified that he had told the agent, at the time, about his knee and that the agent answered: "That is past ten years. That don't matter."

The witness Miller, who was present when plaintiff gave his answers to the agent, stated that plaintiff was well known to him, and had had a stiff knee, to his knowledge, for about eight years; that plaintiff admitted to the agent that he had had an operation, and also had had gonorrhea; and that the agent replied that "practically everyone has had it."

The testimony of plaintiff is corroborated by that of a witness who is apparently credible. Besides, plaintiff—at a time not suspicious, December 20, 1929—when examined for

tuberculosis, had informed Dr. Gowan that the condition of his knee was caused by injury, and that he had been operated upon for abscess.

We are satisfied, from these facts and circumstances, that plaintiff did not make false or fraudulent answers to the questions propounded to him by the agent of defendant company.

As far as plaintiff having had "the flu" is concerned, the evidence is clear that he did not contract a cold until the fall of 1929, and that tuberculosis followed this cold. This occurred several months after June 25, 1929, when plaintiff made his answers to the questions of the agent. Plaintiff was examined on December 20, 1929, and was astonished when told by the physician that he had tuberculosis.

The physicians who testified in the case all agree that tuberculosis is not caused by gonorrhea.

2. The evidence shows that "The Pines Sanatorium" is an incorporated hospital at which tuberculosis is treated, and that plaintiff's brother had arranged as to the payment for his treatment, and had paid part of the expense of it.

Under this state of facts, plaintiff is entitled to receive, as stipulated in the policy, a double sick indemnity of $200 per month for the time he remained for treatment in "The Pines Sanatorium," which was from January 1 to February 13, 1930, according to his own testimony. This amount has already been awarded him in the judgment of the lower court, and we find no good reason to amend same in this particular.

3. There is no evidence in the record as to the value of the services rendered by plaintiff's attorney. We are not advised as to how much time was devoted to the study of the

case and its preparation by attorney of plaintiff, nor can we determine now, with any degree of certainty, the amount plaintiff will receive eventually. Under these circumstances, we are powerless to amend the judgment dismissing plaintiff's claim for attorney's fees as of nonsuit, and to award plaintiff a reasonable attorney's fee.

■ 4. We do not consider the defense of this suit as frivolous, and damages claimed in the alternative by plaintiff for a frivolous appeal are denied.

Judgment affirmed.

O'NIELL, C. J, takes no part.